FILED & ENTERED

MAY 11 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Jason Mowatt,<br><br><br><br><br>Debtor. | Case No.: 2:26-bk-10379-NB<br><br>Chapter 11<br><br>**MEMORANDUM DECISION OVERRULING DELA YADOR'S OBJECTION TO DEBTOR'S ELECTION TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11**<br><br>Hearing:<br>Date:  April 7, 2026<br>Time:  1:00 p.m.<br>Place: Courtroom 1545<br>     255 E. Temple Street<br>     Los Angeles, CA 90012<br>(or via ZoomGov per posted procedures) |

At the time and place set forth in the caption above, this Court conducted a hearing on the objection of Dela Yador ("Creditor") to Debtor's election to proceed under Subchapter V of Chapter 11.  At the conclusion of the hearing, this Court took the matter under submission. For the reasons set forth below, Creditor's objection is overruled, and Debtor will be allowed to proceed under Subchapter V.

**I. BACKGROUND**

On March 11, 2025, in litigation pending in the United States District Court for the Eastern District of New York (the "District Court"), Creditor obtained a jury verdict in his favor

and against Debtor, in the amount of $1,981,828.00.[1]  On September 16, 2025, the District Court entered judgment against Debtor and in favor of Creditor in the amount awarded by the jury ($1,981,828.00) (the "Judgment").[2]  On October 7, 2025, Creditor filed a motion for pre- and post-judgment interest,[3] which Debtor opposed.[4]  At the time Debtor sought bankruptcy protection on January 15, 2026, the District Court had not yet ruled upon Creditor's motion for pre- and post-judgment interest.[5]

Debtor scheduled Creditor's claim in the amount of $1,981,828.00 – the dollar amount of the Judgment entered by the District Court on September 16, 2025.[6]  Creditor asserts that New York law provides that he is automatically entitled to pre- and post-judgment interest, and that as a result, Debtor should have scheduled his claim in an amount of no less than $3,584,318.82.[7]  If Creditor is correct, Debtor would not be eligible to proceed under Subchapter V of Chapter 11, which is available only to debtors who have "aggregate noncontingent liquidated secured and unsecured debts" that are less than $3,424,000.00. *See* § 101(51D) (as adjusted under § 104, most recently effective April 1, 2025).[8]  Debtor's position is that the District Court has discretion as to whether to award pre- and post-judgment interest, and that accordingly it was appropriate for him to schedule Creditor's claim at only $1,981,828.00, the amount of the Judgment.[9]

## II. DISCUSSION

Eligibility for Subchapter V "should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith."  *In re Scovis*,

---

[1]     Objection to Subchapter V Designation (dkt. 44, the "Subchapter V Designation Objection") p. 4:7–9 and Ex. 1.
[2]     *Id.* at p. 4:10–13 and Ex. 2.
[3]     *Id.* at p. 4:14–22 and Ex. 3.
[4]     Debtor's Opposition to Objection to Subchapter V Designation (dkt. 52, the "Opposition") p. 3:17–21 and Ex. B.
[5]     *Id.* at p. 3:23–24.
[6]     *Id.* at p. 4:8–10.
[7]     Subchapter V Designation Objection p. 4:14–22.
[8]     Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, and the parties' filed papers.
[9]     Opposition (dkt. 52) p. 5:12–20.

249 F.3d 975, 982 (9th Cir. 2001).  A debt is liquidated if "if the amount of the debt is readily determinable…. The definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability."  *In re Slack*, 187 F.3d 1070, 1073–74 (9th Cir. 1999), *as amended* (Sept. 9, 1999) (internal citations and quotation marks omitted).

To determine Debtor's eligibility for Subchapter V, the task facing this Court is not to determine whether Creditor is entitled, under New York law, to pre- and post-judgment interest on the Judgment.  Instead, this Court must assess whether deciding that question would require the District Court to conduct only a simple hearing, or instead to conduct more extensive proceedings.

This Court's brief survey of New York law quickly demonstrated that whether Creditor is entitled to interest on its Judgment, and if so how much interest, is far from a straightforward question.  The statute upon which Creditor relies provides:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, … *except that in an action of an equitable nature*, interest and the rate and date from which it *shall be computed shall be in the court's discretion*.  [N.Y. C.P.L.R. § 5001(a) (McKinney) (emphasis added).]

The jury verdict giving rise to the Judgment found that the partnership between Debtor and Creditor terminated on September 18, 2017; that Debtor and Creditor each held a 50% share of the partnership; that the value of Creditor's share of the partnership assets as of the date of the partnership termination was $1,824,328.00; and that Creditor's share of the partnership's net historical profits was $157,500.00.[10]

Creditor characterizes the litigation that produced the Judgment as arising solely from a breach of contract claim.  But as Debtor points out, it is possible to characterize claims under New York law in which one partner seeks partnership assets as being of an equitable nature – or at least containing an equitable component.  *See Bank of St. Louis v. Morrissey*,

---

[10]    Subchapter V Designation Objection (dkt. 44) at Ex. 1.

597 F.2d 1131, 1138 (8th Cir. 1979) (characterizing the recovery obtained in a breach of contract action as "equitable in nature" because the court was required to assess the value of partnership assets).  In other words, both Debtor and Creditor have asserted plausible arguments in support of their positions regarding how interest should be calculated on the Judgment.

Creditor's contention that the amount of interest properly awarded in connection with the Judgment is readily ascertainable is belied by the fact that before Debtor sought bankruptcy protection, Debtor and Creditor submitted a total of 27 pages' worth of briefing on the issue to the District Court,[11] and more than two months after that briefing had closed, the District Court had still not rendered a decision.[12]  To reiterate, this Court's role is not to determine to what extent interest on the Judgment is available under New York law; it is only to evaluate whether the answer to that question is readily ascertainable.  It is not.  Accordingly, Debtor did not act improperly in scheduling Creditor's claim at only the amount of the Judgment and omitting any amount for interest.

//

---

[11]    *See* Subchapter V Designation Objection (dkt. 44) at Ex. 3 (Creditor's motion for pre- and post-judgment interest) and Opposition (dkt. 52) at Exs. B and C (Debtor's opposition and Creditor's reply).

[12]    Creditor's reply in support of its motion for pre- and post-judgment interest is dated October 28, 2025.  *See* Debtor's Opposition (dkt. 52) Ex. C.  As noted above, at the time Debtor sought bankruptcy protection on January 15, 2026, the District Court had not yet determined whether Creditor was entitled to pre- and post-judgment interest.

## III. CONCLUSION

For the reasons set forth above, this Court determines that Debtor's decision to schedule Creditor's claim at the amount of the Judgment – $1,981,828.00 – was not inappropriate and that accordingly Debtor is eligible to proceed under Subchapter V.  This Court will prepare and issue an appropriate order implementing this Memorandum Decision.

###

Date: May 11, 2026

Neil W. Bason
United States Bankruptcy Judge